**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4001
_____

JEFFREY LEMONS,

                                        Appellant
                        v.

RELIANCE STANDARD LIFE INSURNCE COMPANY;
EMPLOYEE BENEFIT PLAN FOR EMPLOYEES OF AMERISAFE INC;
AMERISAFE, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-05-cv-02378)
District Judge:  Honorable Petrese B. Tucker

_____

Argued on July 17, 2013

(Filed: August 8, 2013 )


Before:  RENDELL, SMITH and ROTH, <u>Circuit Judges</u>


James M. Smith, Esquire **(Argued)**
Smith Law Group
14133 Kutztown Road
P. O. Box 626
Fleetwood, PA   19522

        Counsel for Appellant

Joshua Bachrach, Esquire **(Argued)**
Wilson, Elser, Moskowitz, Edelman & Dicker
601 Walnut Street
The Curtis Center Suite 1130 East
Philadelphia, PA   19106

        Counsel for Appellees

---

O P I N I O N

---

**RENDELL,** <u>Circuit Judge</u>:

Jeffrey Lemons appeals the District Court's order dismissing his case as moot and denying his request to file a motion for attorney's fees. For the reasons discussed below, we will affirm in part and vacate and remand in part.

I.

Lemons was an employee of Amerisafe, Inc. from 1999 until January 15, 2001. While employed there, Lemons participated in the Employee Benefit Plan for Employees of Amerisafe, Inc. (the "Plan"), an employee welfare benefit plan governed by the Employment Retirement Income Security Act ("ERISA"). Reliance Standard Life Insurance Company ("Reliance") is the claim fiduciary and Plan insurer.

On January 1, 2001, Lemons's health rendered him unable to return to work. As a result, Lemons submitted an application for long-term disability benefits under the Plan. Reliance approved his application, but then, only a few months later, notified Lemons that it was terminating his benefits. Lemons appealed this decision to Reliance, which denied his appeal. The termination was effective July 2, 2001.

2

In May 2003, the Social Security Administration notified Lemons that he would receive monthly Social Security Disability Insurance ("SSDI") benefits effective June 2002.

In 2005, Lemons filed suit against Amerisafe, Reliance, and the Plan (the "Defendants"), alleging that Defendants violated ERISA by arbitrarily and capriciously terminating his long-term disability benefits. Defendants denied Lemons's allegations, and on February 17, 2006, Lemons moved for summary judgment. That same day, Reliance faxed Lemons a letter stating that it was reinstating Lemons's benefits under the policy and asking Lemons to dismiss his lawsuit. The letter also stated that Reliance would not pay attorney's fees.

Lemons refused to dismiss the case. Defendants then filed a brief in opposition to Lemons's motion for summary judgment, arguing that Lemons's case was moot because his benefits had been reinstated. Defendants also argued that Lemons was not entitled to attorney's fees because he was not a "prevailing party." Lemons filed a reply brief, contending that his case was not moot because he had yet to receive any payments from Defendants. Lemons also argued that the "prevailing party" test was the incorrect test to determine whether he was entitled to attorney's fees and that the appropriate test was the multi-factor analysis articulated in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). Lemons concluded his brief by requesting permission to file a motion for attorney's fees and costs.

In May 2006, shortly after Lemons filed his reply, Reliance sent Lemons a letter stating that it had reinstated his long-term disability benefits and that he would begin

3

receiving monthly benefit payments in June 2006. Reliance also explained that it would pay Lemons $66,443.89 for the benefits that he did not receive from July 2, 2001 to May 2, 2006. Reliance detailed how it calculated this total and explicitly noted that it had offset Lemons's Plan benefits by his SSDI benefits for the entire July 2, 2001 to May 2, 2006 period. Reliance concluded by noting that Lemons could request a review of its determination if he thought it was incorrect. In 2010, the District Court confirmed with Lemons's counsel that his benefits had been reinstated. And indeed, it is undisputed that Reliance has paid Lemons monthly since the May 2006 letter.

In 2011, the District Court denied Lemons's motion for summary judgment, reasoning that Defendants' reinstatement of Lemons's benefits rendered his case moot. The District Court also denied Lemons's request to file a motion for attorney's fees. It agreed with Lemons that the "prevailing party" test did not apply but concluded that he was not entitled to fees under *Ursic*.

Lemons then filed a motion for reconsideration arguing that although Reliance had reinstated his benefits, the District Court still needed to determine whether Defendants had conducted a "full and fair review of Plaintiff's claim" because several of the disability payments that he had received were for the incorrect amounts. He provided no explanation or any evidence as to how Reliance incorrectly calculated the payments. Lemons also argued that the District Court erred in denying his request to file a motion for attorney's fees because its analysis of the *Ursic* factors was based on incorrect facts and a misunderstanding of the record. Lemons did not argue why he was entitled to attorney's fees, but concluded his brief by asking for the opportunity to brief the issue.

4

The District Court denied Lemons's motion for reconsideration.  It concluded that the case was moot even though Lemons contested the benefit amounts because "[t]he award of benefits is a separate issue outside of the appeals process itself and therefore has no bearing upon the determination of whether Defendants denied Plaintiff the right to a full and fair review."  (J.A. 17.)  The District Court also explained that it would not review the "separate issue" of "[t]he award of benefits" until Lemons exhausted his administrative remedies for whatever amount remained due to him.  In addition, the District Court held that Lemons failed to satisfy the requirements for a motion for reconsideration because he did not provide any facts explaining how Defendants erred in calculating his benefits.  The District Court applied this same reasoning in denying Lemons's motion for reconsideration as to attorney's fees, noting that Lemons did not allege an error of law or fact in the District Court's *Ursic* analysis.

Lemons now appeals.  He argues that his case is not moot because the $66,443.89 payment was for the incorrect amount.  Lemons contends that Reliance improperly offset his Plan benefits by SSDI benefits for certain months when he did not actually receive SSDI benefits.  In addition, Lemons asserts that the District Court erred in denying him attorney's fees because of various flaws in the District Court's *Ursic* analysis.

II.[1]

## A. Mootness

We agree with the District Court that this case is moot. Lemons's complaint alleged that Defendants had arbitrarily *terminated* his benefits. Reliance then reinstated Lemons's benefits and paid him for the July 2, 2001 to May 2, 2006 period with interest. Although Lemons contends on appeal that Reliance improperly *offset* certain payments by his SSDI benefits, this is a separate and unrelated claim, which Lemons did not amend his complaint to include.[2] Thus, when the District Court dismissed the case, the *only* issue in front of it was whether Defendants had arbitrarily *terminated* Lemons's benefits. This claim was resolved when Lemons's benefits were reinstated. *See Silk v. Metro. Life Ins. Co.*, 310 F. App'x 138, 139 (9th Cir. 2009); *Zacharkiw v. Prudential Ins. Co. of Am.*, 2012 WL 39870, at *3 (E.D. Pa. Jan. 6, 2012) (collecting cases). As a result, we will affirm the District Court's order dismissing the case as moot.

## B. Attorney's Fees

The District Court, however, should have permitted Lemons to file a motion for attorney's fees. The District Court's decision was based on its finding that Lemons was not entitled to fees under *Ursic*. Neither party, however, briefed the *Ursic* factors on summary judgment; the briefing was limited to whether the "prevailing party" test

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f). We have jurisdiction under 28 U.S.C. § 1291.

[2] Although Lemons knew how Reliance offset his payments as early as 2006, he did not object to the benefits award until 2011—*over five years later*—when he filed his motion for reconsideration. And even then, he offered the District Court no explanation or evidence as to how Reliance erred in calculating his benefits. Indeed, Lemons admits that he raises his SSDI offset argument for the first time on appeal.

6

applied. As such, although we are mindful of a court's interests in efficiency and administrative ease, we find that here, Lemons should be given an opportunity to file a motion for attorney's fees and have the matter decided on full briefing. Thus, we will vacate and remand this portion of the District Court's order.

## III.

For the reasons stated above, we will affirm in part, vacate in part, and remand for further proceedings.